ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GEOVANNY ORTIZ PÉREZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00248 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA296-128-25<br><br>Sobre: Solicitud de Remedios Administrativos |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

**I.**

Comparece por derecho propio el señor Geovanny Ortiz Pérez (señor Ortiz Pérez o Recurrente) mediante un recurso de revisión judicial.[1] El señor Ortiz Pérez es miembro de la población correccional en el Departamento de Corrección y Rehabilitación (DCR o Recurrido). En particular, el Recurrente extingue una sentencia de 152 años y seis meses, en el Anexo 296 de la Institución Guayama, bajo custodia máxima.[2]

La causa de autos se inició el 25 de junio de 2025, ocasión en que el señor Ortiz Pérez instó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos (DRA).[3] En ésta, cuestionó que se le refiriera a tomar unas terapias que ya había aprobado. Entendió que ello obedecía a que el DCR intentaba dilatar el procedimiento y mantenerlo en una custodia máxima inmerecida.

---

[1] En el epígrafe del recurso intitulado *Certiorari: Auto de a[ux]ilio y revisión,* el Recurrente aludió al caso TA2025RA00020, cuya *Sentencia* fue emitida el 13 de agosto de 2025. Al evaluar el expediente, por tratarse un asunto nuevo, el 23 de septiembre de 2025, dictamos una *Resolución* para ordenar el desglose de la moción y que nuestra Secretaría le asignara un número de caso.
[2] Véase, *Sentencia* de 13 de agosto de 2025.
[3] Véase, Anejo 1 del Apéndice.

El 4 de agosto de 2025, notificada el día 14 siguiente, la DRA emitió su *Respuesta,* en la que expresó lo siguiente:[4]

> El confinado fue referido como todos los confinados que cometen **querella administraba** a tomar terapias. [É]ste fue reclasi[fi]cado a máxima seguridad en el mes de mayo y es **[en el] mes de noviembre de 2025 que se evaluar[á] su plan institucional nuevamente**. [É]st[e] habla que estamos dilatando su proceso para detenerlo en custodia máxima. Me parece que su acusación es completamente especulativa. Creo que debe de enfocarse [en] tomar las terapias [ ] que su caso amerita para que el mismo no se dilate, su proceso de ser reclasificación a una custodia menor. **Todo a aquel confinado que de alguna manera sale incurso en querella administrativa se le solicita vuelva a tomar tratamiento de acuerdo a la violación cometida**. (Énfasis nuestro).

Insatisfecho, el Recurrente instó una *Solicitud de Reconsideración.*[5] Allí, informó que había culminado las terapias referidas el 20 de agosto de 2025.[6] Si bien reconoció que el DCR había solicitado el traslado que deseaba para estar cerca de su familia,[7] se reiteró en la alegada dilatación.

El 11 de septiembre de 2025, la DRA notificó la denegación de la petición.[8] Consignó que el Recurrente en efecto había culminado las terapias y que no tenían nada más que disponer en su caso. Inconforme todavía, el señor Ortiz Pérez acudió oportunamente ante nos y señaló la comisión de los siguientes errores:

> Erró la Administración de Corrección y Rehabilitación y la unidad de Clasificación a Nivel Central y la Unidad de Control de Población, al no seguir con la[s] normas y reglas establecidas en el *Manual de clasificación de confinados* 8281 de 30 de noviembre de 2012, Sección 8, Traslados entre Instituciones, pág. 58, Inciso II, Consideraciones de Traslado, en la núm. 8.[9]

> Erró la Administraci[ó]n de Corrección y Rehabilitación y la Unidad de Clasificación a Nivel Central y la Unidad Control de Población, al no cumplir con la Ley N[ú]m. 130 de 26 de octubre de 2009, inciso (G) Art[í]culo 50, de la Ley N[ú]m. 116 [de 22 de julio] de 1974.

> Erró la Administración de Corrección y Rehabilitación y la

---

[4] Véase, Anejo 2 del Apéndice.

[5] Véase, *Solicitud de Reconsideración*, Anejo 3 del Apéndice.

[6] Véanse, Anejos 6 y 7 del Apéndice.

[7] Véanse, Anejos 4 y 5 del Apéndice.

[8] Véase, *Respuesta de Reconsideración al Miembro de la Población Correccional*, Anejo 3 del Apéndice.

[9] La reglamentación vigente está recogida en el *Manual para la clasificación de los confinados,* Reglamento Núm. 9151 de 22 de enero de 2020.

Unidad de Clasificación a Nivel Central y la Unidad de Control de Población al no cumplir con el mandato constitucional establecido mediante la Ley N[ú]m. 377 Art. (3) inciso (B) de 16 de septiembre [de] 2004.

Erró la Administraci[ó]n de Corrección y Rehabilitación y la Unidad de Clasificación a Nivel Central y la Unidad de Control de Población al no cumplir con la Secci[ó]n 19 del Art[í]culo VI de la Constitución de Puerto Rico; y violar el Art[í]culo 11 y el Art[í]culo 2 de la Ley N[ú]m. 116 de 22 de julio de 1974.

Erró la Administración de Corrección y Rehabilitación y la Unidad de Clasificación a Nivel Central y la Unidad de Control de Población, al violar el derecho Constitucional que tiene el recurrente de poder estar cerca geogr[á]ficamente de su n[ú]cleo familiar y as[í] pueda ver sus visitas y no se afecte su plan institucional.

Erró la Administraci[ó]n de Correcci[ó]n y Rehabilitación y la Unidad de Clasificación a Nivel Central y la Unidad de Control de Población al pasar por alto el ajuste y progreso excelente y la buena conducta que tiene el recurrente durante su confinamiento y pasar por alto [*sic*] [E]l Sr. Daniel L[ó]pez TSS est[á] con[s]ciente el [ ] recurrente cumpli[ó] con las terapias mandadas a co[g]er. Cumplida[s] [el] 20 de agosto de 2025 por la Sra. Lizzett[e] Pérez [Pabón] que se encontraba entregado [el] [c]ertificado y [la] carta de recomendación de cambio de custodia [y/o] traslado sea considerado [*sic*] y pasa[r] por alto la recomendación de la Sra. P[é]rez que [c]ertifica que el recurrente est[á] listo para cambio [de] custodia y puedan pone[r]lo [c]erca de su familia para que reci[b]a vi[s]ita[s].

En armonía con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), mediante la cual este foro revisor puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho", eximimos a la parte recurrida de presentar su alegato en oposición.

**II.**

**A.**

Revisamos la determinación administrativa en el caso del epígrafe, al palio del Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.* (Ley Núm. 201-2003), el cual dispone en lo atinente que el Tribunal de Apelaciones tendrá jurisdicción

para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u; además, Art. 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y. En consonancia, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.*, establece un procedimiento uniforme de revisión judicial a la acción tomada por una agencia de Gobierno al adjudicar un caso. En particular, la Sección 4.5 de la LPAUG, 3 LPRA sec. 9675, que versa sobre el alcance de la revisión judicial, estatuye que este tribunal intermedio sostendrá las determinaciones de hechos de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo; revisará en todos sus aspectos las conclusiones de derecho; y podrá conceder al recurrente el remedio apropiado si determina que a éste le asiste el derecho.

Mediante la revisión judicial, esta curia debe evaluar que la decisión administrativa encuentre apoyo en la **evidencia sustancial que obre en la totalidad del expediente administrativo**. El concepto *evidencia sustancial* se ha definido como aquella "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953), refrendados en *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019). Por ello, el *expediente administrativo*, por su parte, constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la revisión judicial ulterior. Sec. 3.18 de la LPAUG, 3 LPRA sec. 9658; *Graciani Rodríguez v. Garaje Isla Verde*, *supra,* pág. 128. Por igual, examinamos que el ente gubernamental haya realizado una **aplicación o interpretación correcta de las leyes o reglamentos que se le ha encomendado administrar**. Finalmente, auscultamos que el organismo **haya actuado dentro de los parámetros de su ley habilitadora**, no de forma

arbitraria, irrazonable ni haya lesionado derechos constitucionales fundamentales. Véase, *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016).

Esbozado el marco jurídico de la revisión judicial, por su relación intrínseca, discutiremos en conjunto los señalamientos de error.

**III.**

En el recurso del título, el señor Ortiz Pérez, en esencia, arguye que el DCR dilata el procedimiento del cambio de custodia de máxima a mediana y el traslado solicitado, con el fin de estar más cerca de su familia. En apoyo a su planteamiento, alude a la aprobación de la terapia ordenada y a la recomendación de la señora Pérez Pabón. Sostiene que el Recurrido incumple con el mandato constitucional y legislativo.

Un examen no prevenido del expediente revela que el Recurrente participó de la *Terapia Control de Impulsos* el 20 de agosto de 2025. Tal como surge de la *Respuesta,* a todo confinado incurso en una querella administrativa, en concordancia con la violación cometida, se le solicita que vuelva a someterse a determinadas terapias. Es decir, el Recurrente retomó la terapia mencionada como resultado de haber sido encontrado incurso por dos violaciones a los incisos 220 y 224 de la Regla 16 del *Reglamento para establecer el procedimiento disciplinario de la población correccional,* Reglamento Núm. 9221 de 8 de octubre de 2020. En particular, por mentir o dar información falsa y realizar llamadas telefónicas no autorizadas. Como producto de dichas violaciones también se afectó el nivel de custodia del señor Ortiz Pérez, al elevarse a una de máximas restricciones.[10] Ello, luego de arrojar una puntuación de 11 en la *Escala de Reclasificación de Custodia.*[11]

Además, el expediente ante nos muestra que, a solicitud del Recurrente, la Trabajadora Social Pérez Pabón suscribió una comunicación en la que expresó que "de ser elegible para un cambio de

---

[10] Véase, *Sentencia* de 13 de agosto de 2025.
[11] *Id.*

custodia y/o traslado" se considerara al Recurrente, toda vez que podía continuar su tratamiento en otra institución carcelaria. Ciertamente, tanto el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII, como el *Manual para la clasificación de los confinados*, Reglamento Núm. 9151 de 22 de enero de 2020, favorecen la ubicación de los confinados en instituciones cercanas a sus hogares y familias. De hecho, en su *Solicitud de Reconsideración*, el Recurrente admite que el DCR ya había solicitado el traslado. Empero, esta localización está atada a la disponibilidad física de la institución a ser trasladado, así como a consideraciones relacionadas con el plan institucional del confinado y los riesgos de seguridad.

Por ello, reiteramos que al Recurrente no le asiste el derecho a ser ubicado en una cárcel específica, ni a un trámite expedito para un cambio de custodia. Recuérdese que el traslado a Guayama y la imposición de custodia máxima únicamente le son imputables al propio Recurrente por las faltas cometidas. Al respecto, el DCR fue palmariamente claro al informar que el plan institucional del señor Ortiz Pérez será reevaluado tan pronto como el próximo mes de noviembre. A tales efectos, no hallamos en el proceso indicios de arbitrariedad o irracionabilidad y mucho menos la lesión de derechos constitucionales fundamentales.

**IV.**

Por las razones expuestas, confirmamos el dictamen administrativo recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones